ALICE M. BARD, Respondent, *against* THE NEW YORK and HARLEM RAILROAD Company, Appellant.

(Decided June 5th, 1882.)

By a lease of a place of public entertainment, the tenant was permitted to make alterations, but was bound to restore the premises to the condition in which he took them. He changed a balcony, subdivided into boxes, containing chairs and tables, into a place for standing room; and, when crowded with people, the balcony fell, not having strength sufficient to support their weight. *Held*, that the owner of the demised premises was not liable for injuries received by a third person from the fall, which was caused wholly by the change in the use by the tenant.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

In and prior to March, 1879, the defendants were owners of Gilmore's Garden, and had leased the same to one Kelly for the purpose of having there an international walking match. The tenant had leave to make alterations, but was bound to restore the premises at the end of his term to the same condition they were at the beginning. At the time of the lease, there was a balcony across the westerly end, subdivided into boxes, each containing a table and from four to six chairs. The tenant removed these, and during the exhibition the balcony was crowded with persons, occupying every available space, when it fell, from want of sufficient strength to support the weight. The plaintiff was there at the time, and was injured by the fall.

This action was brought to recover damages for the injuries received. The jury found a verdict for the plaintiff. A motion by the defendants for a new trial was denied, and judgment in favor of the plaintiff was entered on the verdict. From the judgment and the order denying their motion for a new trial the defendants appealed.

Bard *v.* N. Y. & Harlem R. R. Co.

*Frank Loomis*, for appellant.

*Oscar Frisbie*, for respondent.

BEACH, J.—[After stating the facts as above.]—In my opinion the defendants' motion for a non-suit, made at the close of the testimony, should have been granted. The question whether or not the use made of this gallery by the tenant was reasonable and within the contemplation of the defendants, was not for submission to the jury, under the undisputed facts. It plainly appears that the balcony was built for use as boxes, and the lessee changed it to standing room for a large crowd of people. The defendants had nothing to do with this and were not legally responsible for what ensued. There was no proof that the structure was not safe for occupancy as boxes, and indeed it had before stood the test. There is a substantial difference between the requirements for such purposes and a standing room for a crowd filling every available space. Had an orchestra stand been changed to a receptacle for spectators and fallen from the overweight, the defendants would clearly not be responsible. Such a change of use would perhaps be more marked, yet no more potential, than the one in this case. The owner of demised premises is held to third persons only when they are out of repair at time of lease, in particulars which the landlord, as against third persons, is bound not to allow; but not liable in such a case, where the tenant's use produces the injury. The principles controlling this case are correctly stated in *Edwards* v. *The New York & Harlem R. R. Co.* (32 Supr. Ct. 635), which was based upon like facts, and some of the many adjudications are there cited.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, J., concurred.

Judgment and order reversed and new trial ordered, with costs to abide event.